# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 4660 | DATE | 8-11-09 |
| CASE TITLE | John Adkisson (#K-50585) vs. C/O Tedesco, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted leave to proceed *in forma pauperis*. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.00 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. Sheriff Thomas Dart and Cook County Board President Todd Stroger are dismissed as defendants on initial review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summons for service on defendant Tedesco only. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a correctional officer at the Cook County Jail, violated the plaintiff's constitutional rights by using unjustified force against him.

The court construes the plaintiff's trust account certification as a motion for leave to proceed *in forma pauperis*. The motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against Officer Tedesco. Unjustified force against a detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998). While a more fully developed record may belie the plaintiff's allegations, the defendant must respond to the complaint.

However, the complaint is dismissed on initial review as to defendants Dart and Stroger pursuant to 28 U.S.C. § 1915A for lack of personal involvement. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). *Id.* Because the plaintiff has failed to state any facts suggesting that either Sheriff Dart or the Cook County Board President was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, they are dismissed as defendants in this matter.

The clerk shall issue summons forthwith for service on defendant Tedesco only. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Officer Tedesco can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service

**(CONTINUED)**

**STATEMENT (continued)**

stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. See *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), citing 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; see also Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. See *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

As a final concern, the court notes that the plaintiff has omitted pertinent information in the complaint he submitted. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 5, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*) The plaintiff nevertheless wrote "N/A," failing to mention at least one prior lawsuit. See *Adkisson v. Dominick's*, Case

**(CONTINUED)**

**STATEMENT (continued)**

No. 04 C 7546 (N.D. Ill.). The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's prior case history does not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will grant the plaintiff the benefit of the doubt and assume his omission was due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.