**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 4660 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John W. Darrah |
| C/O TEDESCO, | ) | |
| TOM DART (COUNTY SHERIFF) | ) | |
| TOD STROGER (BOARD PRESIDENT), | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TEDESCO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant Officer John Tedesco, by and through his attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Patrick S. Smith, pursuant to Fed. R. Civ. P. 12(b)(6) moves this Honorable Court to dismiss Plaintiff's Complaint against him for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff brings this action under the Civil Rights Act, Title 42, Section 1983 of the United States Code, based on alleged incidents occurring at the Cook County Jail. Plaintiff alleges that he was called derogatory names and was struck by Defendant.

Plaintiff seeks ". . . to be compensated for mental and emotional pain and suffering." Complaint ¶ 4.

Defendant brings this motion based upon Plaintiff's failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A 12(b)(6) claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (*quoting* Hishon v. King & Spaulding, 467 U. S. 69,73 (1984)). When reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. Of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987). The court should view the well-pleaded factual allegations, along with reasonable inferences drawn from them, in the light most favorable to the plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). While a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon 467 U.S. at 73. The court should also consider that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

Complaints filed by pro se plaintiffs require a heightened standard when compared with that for complaints drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). A pro se complaint should be read liberally and should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can produce no set of facts in support of his claim that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5,10 (1983).

### III. ARGUMENT

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HE FAILED TO PROVE MORE THAN A *de minimis* USE OF FORCE IN VIOLATION OF THE EIGHTH AMENDMENT OF THE CONSTITUTION

This Court should grant Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's facts are insufficient to support his claim of excessive force in violation of the Eight Amendment of the Constitution. Plaintiff does not show that the use of force was anything more than an isolated incident that involved a *de minimis* use of force.

### Points and Legal Authorities

In order for a plaintiff to prevail under § 1983 alleging excessive force, he must establish that the officer applied "unnecessary and wanton" infliction of pain. Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, supra, at 103). When evaluating the whether the use of force by an officer is "unnecessary and wanton," the Court is to use the standard of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Dewalt v. Carter, 224 F.3d 607 (7th Cir. 2000). (quoting Hudson v. McMillian, 503 U.S. 1, 6 (U.S. 1992)). The extent of the Plaintiff's injuries is one factor to be taken into account when evaluating whether the use of force was excessive. Hudson, 503 U.S. at 7. When considering a prisoner's claim, courts "must ask both if 'the officials acted with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. at 8. The Eighth Amendment excludes "*de minimis* uses of physical force, provided that the use of force is

not of a sort "repugnant to the conscience of mankind.'" Id. at 9-10. (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).

**Analysis**

Plaintiff, a homosexual who is in protective custody, alleges that after a verbal confrontation between himself and Defendant regarding a search, he was struck by Defendant while in the elevator on the way back to his tier with another inmate. Complaint ¶ 4. Plaintiff alleges that he was taken to the elevator "to be beaten." Complaint ¶ 4. Plaintiff, however, fails to state any injuries that resulted from the alleged beating. Complaint ¶ 4. He does not state that he required or received any medical treatment as a result of his injuries. Complaint ¶ 4.

The court in DeWalt v. Carter held that the force used by a correctional officer, when an isolated incident, and where the force is *de minimis*, does not rise to the level of cruel and unusual punishment in violation of the Eight Amendment of the Consitution. Dewalt 224 F.3d 607, 620. The court reasoned that because the plaintiff only suffered bruising, and the force was not accompanied by further shows of force, that it did not rise to the level of a Constitutional violation. Id.

In the current case, Plaintiff does not allege that any injuries resulted from his alleged physical confrontation with Defendant. Complaint ¶ 4. Plaintiff does not claim that the force was anything beyond *de minimis*. Plaintiff shows no injuries, which is less severe than the injuries found to be insufficient to support a Constitutional claim in Dewalt. Dewalt, at 620.

Plaintiff's failure to establish these elements required to establish that Defendant's use of force was excessive is fatal to his claim of a Constitutional violation.

4

### B. COMPLAINT SHOULD BE DISMISSED BECAUSE ABUSIVE LANGUAGE DOES NOT RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION

Plaintiff claims that he was called names by Defendant while in custody. Complaint ¶ 4. Plaintiff states that these words were directed at him during a confrontation regarding a search. Complaint ¶ 4.

The Seventh Circuit has not issued a ruling on a claim of this nature because there is no merit to this claim. The Ninth and Tenth Circuits, however, have ruled that verbal exchanges do not give rise to a Constitutional violation. The Tenth Circuit held that being subjected to harsh or abusive language does not violate a person's Constitutional rights. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979). The Ninth circuit also held that "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987).

Plaintiff's failure to state a valid claim with regard to his being subjected to harsh language is cause for his claim of a violation to be dismissed.

### CONCLUSION

**WHEREFORE**, Defendant Officer John Tedesco prays that this Honorable Court grant his motion to dismiss.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422