IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ADKISSON, ) | |
| ) | |
| Plaintiff, ) | No. 1:09-cv-04660 |
| ) | Jury Trial Requested |
| ) | |
| ) | |
| SHERIFF THOMAS DART, solely as ) | |
| SHERIFF OF COOK COUNTY, ) | |
| C/O JOHN TEDESCO, in his individual ) | |
| and his official capacity as an ) | |
| OFFICER OF COOK COUNTY, ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, John Adkisson ("Adkisson"), through his attorneys Jon Zimring and David I. Curkovic, complains against Defendants, Sheriff of Cook County Thomas Dart and Defendant Officer John Tedesco ("Tedesco"), as follows:

### PARTIES

1.  This action is brought pursuant to 42 U.S.C. § 1983, the First, Eighth and Fourteenth Amendments to the United States Constitution. This action arises out of the assault upon Adkisson on or about March 10, 2009, while he was in the custody of the Cook County Department of Corrections ("CCDC") at Division 9 located at 2854 West 31st Street, Chicago Illinois 60608 (hereinafter "Division 9").

2.  Adkisson is a citizen of the State of Illinois and currently resides in Chicago, Illinois.

3. On information and belief, Tedesco is a citizen and resident of the State of Illinois.

4. Tedesco is sued individually and in his official capacity as a correctional officer in the CCDC. Tedesco and who was, at all times relevant to this action, a correctional officer at the CCDC, acting in his official capacity in the performance of his duties within the scope of his employment as a correctional officer.

5. At all times relevant to this action, Tedesco was acting under color of law, including the United States and state of Illinois Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, and usages.

6. Sheriff Thomas Dart, as Sheriff of Cook County, oversees the policy development of the CCDC and the carrying out of those policies.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

8. Venue is appropriate under 28 U.S.C. § 1391(b) because this Court is in the judicial district in which a substantial part of the events and omissions which give rise to Adkisson's claims arose.

## FACTS

9. Adkisson is a transsexual in that Adkisson identifies with a sex (female) different from the physical or genetic sex into which Adkisson was born (male).

10. Division 9 contains holding units for pre-trial detainees and/or prisoners in protective custody.

11. On or about April 20, 2009, Adkisson was being processed at Division 9.

12. While being processed, Tedesco entered the area and began hurling inflammatory and anti-gay slurs towards Adkisson.

13. After the processing, Tedesco told the processing officers "I've got this one," indicating he would escort Adkisson to his tier.

14. Tedesco, along with one other officer, took Adkisson to the south elevator instead of the north elevator, as he was supposed to.

15. Upon information and belief, at the relevant time the south elevator had no cameras while the north elevator did have cameras installed.

16. Once in the elevator, Tedesco said "now run your mouth" to Adkisson.

17. Tedesco then slapped Adkisson two to three times across the head.

18. These slaps resulted in bruises and scratching.

19. After that, the elevator opened and Tedesco took Adkisson to the tier officer, a C/O named Jordan. Another tier officer was also present.

20. Tedesco told both Jordan and the other tier officer that "I had to slap the bitch around" and left shortly thereafter.

21. Adkisson sought and was denied medical treatment for his bruises and scratching.

22. In the days after this incident Tedesco began harassing Adkisson, saying he would make Adkisson's "life hell" if he complained about Tedesco's conduct.

23. Upon information and belief, Tedesco had Adkisson's mail opened and read by other guards.

24. Upon information and belief, when Adkisson went to a lieutenant to complain about Tedesco's conduct, Tedesco had other correctional officers enter

3

Adkisson's cell and destroy certain of Adkisson's belongings (including legal papers) and make threats against Adkisson.

## COUNT I
### (Against Tedesco)
### Cruel and Unusual Punishment in Violation of the Eighth Amendment

25. Paragraphs 1 through 24 are incorporated by reference as if set forth fully herein.

26. The assault upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur.

27. Defendant Tedesco willingly engaged in the assault and battery upon Adkisson, and did so with the knowledge that his actions were wrongful and violated Adkisson's constitutional and common law rights. Specifically, the assault and battery upon Adkisson constituted cruel and unusual punishment.

28. Tedesco violated Adkisson's rights under the Eighth Amendment to the United States Constitution by assaulting and battering Adkisson and by denying or depriving Adkisson of his right to be free from cruel and unusual punishment.

29. Tedesco acted in an unreasonable, malicious, wanton, reckless, willful, and oppressive manner.

30. Adkisson sustained physical and mental injuries and damages as a result of the actions of Tedesco.

31. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count I above:

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates, including transsexual inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

## COUNT II
### (Against Tedesco)
**Punishment in Violation of the Fourteenth Amendment**

32. Paragraphs 1 through 24 are incorporated by reference as if set forth fully herein.

33. The assault upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur. Specifically, the assault and battery upon Adkisson constituted punishment.

34. The assault and battery by Tedesco upon Adkisson was not reasonably related to a legitimate and non-punitive governmental goal.

35. Tedesco violated Adkisson's rights under the Fourteenth Amendment to the United States Constitution by punishing Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

36. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count II above:

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates, including transsexual inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

### COUNT III
### (Against Tedesco)
### Retaliation in Violation of the First and Fourteenth Amendments

37. Paragraphs 1 through 24 are incorporated by reference as if set forth fully herein.

38. As set forth above, retaliatory actions began almost immediately after Adkisson was assaulted and battered by Tedesco.

39. In addition, further retaliatory actions took place after Adkisson sought to complain about Tedesco's conduct to a higher-ranked correctional officer.

40. In these ways, Adkisson was the subject of retaliation from Tedesco.

41. Tedesco violated Adkisson's rights under the First and Fourteenth Amendments to the United States Constitution by retaliating against Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

42. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count III above:

- Compensatory damages in an amount to be determined by a jury trial;

- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates, including transsexual inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

## COUNT IV
### (Against The Sheriff of Cook County)
### Punishment and Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments

33. Paragraphs 1 through 24 are incorporated by reference as if set forth fully herein.

34. The Sheriff of Cook County maintained, operated and managed the CCDC.

35. The CCDC has promulgated and operated pursuant to certain customs and policies ("customs and policies").

36. As a result of these customs and policies, Tedesco assaulted and battered Adkisson.

39. On information and belief, the CCDC has done nothing to address, correct, or discipline Tedesco for his knowingly violent behavior.

40. As a result of the CCDC's customs and policies, Adkisson has suffered from punishment and cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights.

41. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count IV above:

7

- Compensatory damages in an amount to be determined by a jury trial;
- Punitive Damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Injunctive relief to include revisions to the CCDC's customs and policies to ensure humane treatment of the inmates;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

Respectfully submitted,

JOHN ADKISSON

By: /s David Curkovic
One of his Attorneys

Jon Zimring, Esq.
David I. Curkovic, Esq.
190 S. LaSalle St.
Suite 3700
Chicago, Illinois 60603
Phone:(312) 499-6700
Fax: 312-499-6701

## CERTIFICATE OF SERVICE

I, David Curkovic, an attorney, hereby certify that on August 23, 2010, I caused to be filed Plaintiff's First Amended Complaint using the CM/ECF system, and that a correct copy of the same was served electronically via the CM/ECF system on the party listed below:

>Patrick Stephen Smith
Cook County States Attorney's Office Daley Ctr.
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-2388
Email: patrick.smith@cookcountyil.gov

>/s David Curkovic