UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 4660 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John W. Darrah |
| SHERIFF TOM DART, solely as SHERIFF | ) | |
| OF COOK COUNTY, C/O JOHN TEDESCO, | ) | |
| In his individual and official capacity as an | ) | |
| OFFICER OF COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, SHERIFF TOM DART and C/O JOHN TEDESCO, by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney Patrick S. Smith, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, Defendants move to bifurcate and stay discovery on *Monell* claims until there is a finding of a constitutional violation. In support of their motion, Defendants state as follows:

**INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 alleging a violation of his rights under the First, Eighth, and Fourteenth amendments of the Constitution of the United States. At the time of the alleged actions, Plaintiff, a pre-trial detainee lawfully in the custody of Defendants, was in protective custody at Cook County Department of Corrections. Plaintiff complains that he was "slapped two or three times" by Defendant and that these slaps "resulted

in bruising and scratching." (Pl. Am. Compl., Dkt. 38, ¶¶ 17-18.) Plaintiff further alleges that jail officials opened his mail and entered his cell to destroy his belongings. (Pl. Am. Compl., Dkt. 38 ¶¶ 23, 24.)

## STANDARD OF REVIEW

"A dismissal under Rule 12(b)(6) is required if the facts pleaded in the complaint fail to describe a claim that is plausible on its face." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010) (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949-50 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Although, on a motion to dismiss, courts must take all of the factual allegations in the complaint as true, judges "are not bound to accept as true a legal conclusion couched as a factual allegation.")). Further, the Seventh Circuit has denounced plaintiffs who "merely parrot the statutory language of the claims that they are pleading, rather than providing some specific facts to ground those legal claims[.]" *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

"The allegations in the complaint 'must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *George v. NCAA*, 2010 U.S. App. LEXIS 14571, *5 (7th Cir. July 16, 2010) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). Further, a plaintiff can "unwittingly plead himself out of court by asserting facts that preclude relief." *White v. Monohan*, 326 Fed. Appx. 385, 387 (7th Cir. 2009).

**I.     Plaintiff cannot bring a claim under the Eighth Amendment as a pretrial detainee.**

Plaintiff seeks relief in Count I of his Amended Complaint under the Eighth Amendment. (Pl. Am. Compl., Dkt. 38, p. 4.) Pretrial and presentencing detainees have not gained Eighth Amendment protections. *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009). "[P]retrial detainees couch excessive force claims as violations of their Fourteenth Amendment rights to due process, not infringements on the Eighth Amendment's ban on cruel and unusual punishment." *Id.* at 473. Because a pretrial detainee cannot bring an Eighth Amendment Claim, Count I of Plaintiff's Amended Complaint must be dismissed.

**II.    Plaintiff's Count II does not state a claim of excessive force under the Fourteenth Amendment.**

Plaintiff does not state a claim under the Fourteenth Amendment because he does not allege actions exceeding a *de minimis* use of force. Further, Plaintiff does not allege any injuries that entitle him to recover.

"[A Section 1983] plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under the color of state law." *Lewis* 581 F.3d at 473. "The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment" as the Eighth Amendment. *Forrest v. Prine*, 2010 U.S. App. Lexis 18151, *10 (7th Cir. 2010). However, "the exact contours of any additional safeguards remain undefined." *Lewis*, 581 F.3d at 474. As such, a claim brought under the Fourteenth Amendment's Due Process Clause should be evaluated under the standards of the Eighth Amendment's ban on cruel and unusual punishment. *Id.* at 475.

"[N]ot every 'malevolent touch' by a security officer implicates the Constitution." *Lewis* 581 F.3d at 475 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *See also*, *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights,"). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). "If the force were more than *de minimis*, we must consider whether it 'was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Lewis*, 581 F.3d at 475 (quoting *Hudson*, 503 U.S. at 7).

> "Several factors are relevant in determining whether a defendant applied force in good faith or for purposes of causing harm, including the need for force, the amount of force used, the threat reasonably perceived by the officers, efforts made to temper the severity of the force, and the extent of the injury caused by the force."

*Lewis*, 581 F.3d at 477.

Plaintiff's Amended Complaint must be dismissed, because the conduct of Defendant Tedesco did not rise above a *de minimis* use of force. Plaintiff alleges that he was "slapped . . . two to three times across the head." (Pl. Am. Compl., Dkt. 38, ¶ 17.) Further, Plaintiff alleges only "bruises and scratching" as a result of being slapped. (Pl. Am. Compl., Dkt. 38, ¶ 18.) These actions do not rise above a *de minimis* use of force and are not of the sort repugnant to the

4

conscience of mankind. *See Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004) (Bruising that did not require medical attention is *de minimis*); *Outlaw v. Newkirk,* 259 F.3d 833, 839 (7th Cir. 2001) (Pain, swelling, and bruising to prisoner's hand was *de minimis*).

Because Plaintiff does not allege conduct that rises above a *de minimis* use of force, and does not allege injury that rises to the level of a constitutional violation, Plaintiff's First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**III.    Plaintiff's Count III does not state a claim of retaliation that allows him to recover under the First or Fourteenth Amendments.**

Plaintiff does not state a claim for retaliation under the First or Fourteenth Amendments because the opening of Plaintiff's mail was reasonably related to a legitimate penological interest. Further, Plaintiff does not sufficiently state a cause of action claiming retaliation, and he does not claim to have suffered injury that rises to the level of a constitutional violation.

While pretrial detainees enjoy broader constitutional rights than their post-conviction counterparts, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish*, 441 U.S. 520, 546-7 (1979). "There must be a 'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.'" *Id*. at 547 (citation omitted). "This principal applies equally to pretrial detainees and convicted prisoners." *Id.* When a practice infringes on "infringes on a constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration." *Id.* "When a prison regulation restricts a prisoner's First Amendment right to free speech, it is valid only if it is reasonably related to legitimate penological interests." *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2007) (citing *Turner v.*

5

*Safley*, 482 U.S. 78, 89 (1987)). "Inmates have a First Amendment right both send and receive mail." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). "[T]hat right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).

In the case at bar, Plaintiff alleges that Defendants retaliated against him when his mail was opened. (Pl. Am. Compl., Dkt. 38 ¶ 23.) This allegation fails because correctional officials must open and inspect the mail of inmates in order to prevent contraband from entering the jail facility. *See Kaufman*, 419 F.3d at 686. Further, Plaintiff does not allege that he suffered any injury that amounts to a constitutional violation. The opening Plaintiffs non-legal mail by prison officials is not a First Amendment violation, and Plaintiff suffered no injury as a result of the opening of his mail. For the foregoing reasons, Plaintiff's allegation that his First Amendment rights were violated due to the opening of his mail must fail.

Plaintiff further alleges that Defendants entered his cell and destroyed his belongings, along with legal papers. (Pl. Am. Compl., Dkt. 38, ¶ 24.) Plaintiff's allegation is little more than a flimsy tack-on to his pleadings. He has not pled with the specificity required to put Defendants on notice of his claim or "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *See George v. NCAA*, 2010 U.S. App. LEXIS 14571, *5 (7th Cir. July 16, 2010). As such, Plaintiff has not alleged a constitutional violation with sufficiency required to meet the Rule 12(b)(6) standard. Plaintiff does not state that he suffered any constitutional injury as a result of these actions, and cannot recover.

Because he fails to state a claim of a violation of his First or Fourteenth Amendment rights, Count III of Plaintiff's First Amended Complaint must be dismissed.

6

### IV.     Plaintiff does not sufficiently allege a *Monell* claim.

This Court must dismiss Count IV of Plaintiff's Amended Complaint because Plaintiff does not sufficiently allege a constitutional violation upon which a *Monell* claim can be based, and because Plaintiff fails to establish a nexus between his alleged constitutional violation and a Sheriff custom, policy or practice. If this Court is disinclined to dismiss Count IV of Plaintiff's First Amended Complaint, this Court should bifurcate and stay any *Monell* discovery until a finding of a constitutional violation upon which a *Monell* claim can be based.

It is well-settled that governmental employees cannot be held liable in their official capacities in a 42 U.S.C. § 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Supreme Court stated in *Monell*:

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under Section 1983.

*Monell*, 436 U.S. at 694. Plaintiff must allege a "specific pattern or series of incidents that support the general allegation" that a policy, custom or practice was in existence in the governmental entity. *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir. 1986).

> The case law has identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation;  (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law,'"; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). Further, Plaintiff must show that County Defendants' policy or practice is the "direct cause" or "moving force" of his alleged constitutional injury. *See Minix v. Canarecci*, 597 F.3d at 832 (7th Cir. 2010).

Plaintiff fails to establish that he suffered an injury of a constitutional magnitude, and cannot bring a *Monell* claim without suffering from such an injury. Plaintiff alleges that he was "slapped . . . two to three times across the head." (Pl. Am. Compl., Dkt. 38, ¶ 17.) He also alleges that he suffered only "bruises and scratching." As set forth above, Plaintiff's alleged injury does not rise to the level of a constitutional injury. Without an underlying Constitutional injury, Plaintiff cannot bring a *Monell* count, and Count IV of his First Amended Complaint must be dismissed.

In addition to alleging a constitutional violation, Plaintiff must establish that a custom, policy or practice was the moving force behind his injury. Plaintiff in this matter not only fails to establish that a custom policy or practice is the direct cause or moving force of his alleged constitutional injury, he does not allege any specific custom, policy or practice at all. Plaintiff's First Amended Complaint states that Defendant Sheriff "promulgated and operated pursuant to certain customs and policies without alleging what these policies are. (Pl. Am. Compl., Dkt. 38, ¶¶ 35-40.) Plaintiff has not alleged an official policy or a "specific pattern or series of incidents that support the general allegation." *Hossman*, 784 F.2d 796. Plaintiff nebulously asserts that policies or customs exist, but does not state what that policy could possibly be. Plaintiff's *Monell* claim is nothing more than bare-bones speculation with no basis in fact, and must be dismissed.

If this court is disinclined to dismiss Plaintiff's *Monell* claim, it should bifurcate and stay any *Monell* discovery. This Court may order a separate trial for one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite or economize." Fed. R. Civ. P. 42(b). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion . . . ." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1998). *See also Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). If this Court is disinclined to dismiss Plaintiff's claim against the County Defendants, then, in order to expedite proceedings, it should bifurcate and stay any discovery on Plaintiff's *Monell* claim (Count IV) until it is shown that the allegation of Plaintiff's constitutional violation is sufficiently supported by evidence, and that Count IV is more than a mere tack-on to Plaintiff's Complaint.

In the case at bar, bifurcation of the *Monell* issue would expedite and economize this Court's proceedings in accordance with Rule 42(b). Indeed, bifurcating and staying the *Monell* count would serve to avoid potentially expensive discovery and litigation that would be for naught if Plaintiff is unable to establish that he suffered an injury of a constitutional magnitude. "Litigating *Monell* claims can be time consuming and expensive[.]" James G. Sotos, *City's Practices Didn't Cause Officer's Use of Force*, Chicago Daily Law Bulletin, August 12, 2010, at 5. This potentially unnecessary expense would be borne by the taxpayers of Cook County.

For the reasons set forth above, this Court should dismiss Count IV of Plaintiff's First Amended Complaint. In the alternative, this Court should bifurcate and stay any *Monell* discovery until there is a finding that Plaintiff suffered an injury of a constitutional magnitude.

## CONCLUSION

WHEREFORE, this Court should dismiss, with prejudice, Plaintiff's First Amended Complaint because it fails to state a claim upon which relief can be granted. In the alternative,

this Court should bifurcate and stay any *Monell* discovery until there is finding of a constitutional violation. Defendants pray that this court enter an order granting the above requests and award any relief this court deems fair and just.

                                                Respectfully Submitted,

ANITA ALVAREZ                            /s/ Patrick S. Smith
State's Attorney of Cook County      Patrick S. Smith
                                                Deputy Supervisor
                                                Conflicts Counsel Unit
                                                69 W. Washington, 20th floor
                                                Chicago, Il 60602
                                                (312) 603-1422