IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:09-cv-04660 |
| | ) | |
| | ) | |
| | ) | Hon. Judge John W. Darrah |
| SHERIFF THOMAS DART, solely as | ) | |
| SHERIFF OF COOK COUNTY, | ) | |
| C/O JOHN TEDESCO, in his individual | ) | |
| and his official capacity as an | ) | |
| OFFICER OF COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, John Adkisson ("Adkisson" or "Plaintiff"), through his attorneys Jon Zimring and David I. Curkovic, responds in opposition to the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants, Sheriff of Cook County Thomas Dart and Defendant Officer John Tedesco ("Tedesco"), as follows:

**INTRODUCTION**

This action is brought pursuant to 42 U.S.C. § 1983, the First, Eighth and Fourteenth Amendments to the United States Constitution. First Amended Complaint at ¶ 1. This action arises out of the assault upon Adkisson on or about March 10, 2009, while he was in the custody of the Cook County Department of Corrections ("CCDC"). *Id.* On or about April 20, 2009, Adkisson was being processed at Division 9. *Id.* at ¶ 11. While being processed, Tedesco entered the area and began hurling inflammatory and

anti-gay slurs towards Adkisson. *Id.* at ¶ 12. After the processing, Tedesco told the processing officers "I've got this one," indicating he would escort Adkisson to his tier. *Id.* at ¶ 13. Instead of taking Adkisson to the north elevator as he was supposed to, Tedesco, along with one other officer, took Adkisson to the south elevator. *Id.* at ¶ 14. The First Amended Complaint alleges that at the relevant time the south elevator had no cameras while the north elevator did have cameras installed. *Id.* at ¶ 15.

Once in the elevator, Tedesco said "now run your mouth" to Adkisson. *Id.* at ¶ 16. Tedesco then slapped Adkisson two to three times across the head. *Id.* at ¶ 17. These slaps resulted in bruises and scratching. *Id.* at ¶ 18. After that, the elevator opened and Tedesco took Adkisson to the tier officer, a C/O named Jordan. Another tier officer was also present. *Id.* at ¶ 19. Tedesco told both Jordan and the other tier officer that "I had to slap the bitch around" and left shortly thereafter. *Id.* at ¶ 20. Adkisson sought and was denied medical treatment for his bruises and scratching. *Id.* at ¶ 21.

In the days after this incident Tedesco began harassing Adkisson, saying he would make Adkisson's "life hell" if he complained about Tedesco's conduct. *Id.* at ¶ 22. The First Amended Complaint alleges that Tedesco had Adkisson's mail opened and read by other guards, and that when Adkisson went to a lieutenant to complain about Tedesco's conduct, Tedesco had other correctional officers enter Adkisson's cell and destroy certain of Adkisson's belongings (including legal papers) and make threats against Adkisson. *Id.* at ¶¶ 23-24.

Defendants have now filed a Motion to Dismiss the Complaint [DE 42]. Though this Motion to Dismiss states that it is filed pursuant to Fed. R. Civ. P. 12(b)(6), the gravamen of Defendants' main argument—namely, that Plaintiff has not sufficiently

alleged a cause of action against the Defendants Sheriff Dart or Tedesco in their official capacities—makes the claim that Plaintiff has not plead sufficient facts as required by Fed. R. Civ. P. 8. As set forth in the Complaint, the recitation of certain facts above and the argument below, both of these claims fail.

## ARGUMENT

1. **Standard of Review.**

The notice pleading standards adhered to in the Federal Courts require only "'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under this standard, a plaintiff "need not lard their complaint with facts;" so long as the plaintiff "lay[s] out a plausible grievance," a complaint sufficiently alleges a section 1983 claim. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Indeed, so long as the defendant is put on notice of the injury the plaintiff alleges and the defendant's conduct that plaintiff believes caused that injury, "this is enough" to satisfy Fed. R. Civ. P. 8's pleading standards. *McGowan v. Hulick*, 612 F.3d 636, 640–41 (7th Cir. 2010).

Moreover, it is well established that when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss the court must "accept as true all well-pleaded facts," *Erickson*, 551 U.S. at 94 ("[A] judge must accept as true all of the factual allegations contained in the complaint"), and "draw[] all reasonable inferences from those facts in the plaintiff's favor." *Diaz v. Hart*, 2010 U.S. Dist. LEXIS 20671, *7 (N.D. Ill. Mar. 8, 2010) (citing *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002)); *Sanders v. Sheehan*, 2010 U.S. Dist.

LEXIS 75998, *5 (N.D. Ill. July 26, 2010) ("In considering a motion to dismiss, 'the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations and drawing all reasonable inferences in plaintiff's favor.'") (citing *Ellis v. City of Chi.*, 2010 U.S. Dist. LEXIS 4704, at *5 (N.D. Ill. Jan. 20, 2010)).

2.  **Count II adequately states a claim of excessive force under the Fourteenth Amendment.**

Defendants seeks dismissal of Count II of the Complaint on the basis that "Plaintiff does not allege conduct that rises above a *de minimis* use of force, and does not allege injury that rises to the level of a constitutional violation[.]" Motion to Dismiss at p. 5. Defendants further cite to cases suggesting that mere slapping of a prisoner must be considered a *de minimis* use of force. *Id.* (citing *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004) and *Outlaw v. Newkirk,* 259 F.3d 833 (7th Cir. 2001)).

Defendants ignore, however, the allegation in the Complaint that the strikes upon Plaintiff's head resulted in bruises and scratching. *Id.* at ¶ 18. This allegation of scratching—which can reasonably be read to mean that the physical assault upon Plaintiff resulted in the breaking of skin and/or bleeding by Plaintiff—goes beyond the *de minimis* force described in the cases cited by Defendant. In addition, the Complaint alleges that Adkisson sought and was denied medical treatment for his bruises and scratching. *Id.* at ¶ 21. Accordingly, Defendants' citation to the *Fillmore* decision for the proposition that injuries which do not require medical treatment are *de minimis* is inapposite here because Plaintiff has plead that there was no determination by a medical professional that the injuries suffered by Plaintiff did not require medical treatment.

Moreover, there is precedent from the Seventh Circuit explaining that similar conduct and injuries may rise above the level of *de minimis* force, particularly where there was no apparent justification for the use of force. For example, the Seventh Circuit has held that "[t]he apparent lack of reason for the blow, the fact that [the defendant] used a clenched fist, and the fact that [the defendant] then said 'shut up' [could] be interpreted reasonably as establishing that [the defendant's] action was not a 'good-faith effort to maintain or restore discipline,' but rather was done 'maliciously and sadistically to cause harm.'" *Thomas v. Stalter*, 20 F.3d 298, 302 (7th Cir. 1994); *see also Barrow v. Herniaz*, 2010 U.S. Dist. LEXIS 85285, *9 (N.D. Ill. Aug. 19, 2010) (partially denying defendant's motion for summary judgment on the basis that the defendant's act of punching plaintiff-inmate in the face after plaintiff was subdued was not a good faith effort to restore discipline and where the plaintiff did suffer some injuries, summary judgment for defendant was improper).

Any question regarding the injuries or Defendants' conduct, including the extent of the Defendants' awareness of the allegedly injurious conduct or other elements of causation are "details to be explored during discovery," not to be conclusively determined at the pleading stage. *McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010). The Court should not dismiss Count II of the Complaint on a Fed. R. Civ. P. 12(b)(6) motion before the Plaintiff has had time to discover the evidence—in Defendant's control—that would serve to support the Plaintiff's claims.

3. **Plaintiff's Count III states a claim of retaliation under the First and Fourteenth Amendments.**

Defendants readily admit that "Plaintiff further alleges that Defendants entered his cell and destroyed his belongings, along with legal papers. (Pl. Am. Compl., Dkt. 38, ¶

24.)" Motion to Dismiss at p. 7. Defendants argue, however, that this allegation is a "flimsy tack-on" to the Complaint and that Plaintiff "has not pled with the specificity required to put Defendants on notice of his claim." This is incorrect.

As noted above, the Complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]" *Erickson*, 551 U.S. at 93–94, and so long as the defendant is put on notice of the injury the plaintiff alleges and the defendant's conduct that plaintiff believes caused that injury, "this is enough" to satisfy Fed. R. Civ. P. 8's pleading standards. *McGowan*, 612 F.3d at 640–41. By alleging destruction of legal papers, Adkisson has sufficiently pled a claim under Count III since an inmate's legal mail is "entitled to greater protection[] because of the potential for interference with the right of access to the courts." *Kaufmann v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005).

In addition, Plaintiff has sufficiently stated a claim that the destruction of his personal belongings was unlawful retaliation. The destruction, as reasonably inferred from the well-pleaded facts in the Complaint, occurred as a direct result of Plaintiff's complaint to a lieutenant about Tedesco's conduct. Complaint at ¶ 24. But "[p]rison officials may not retaliate against inmates for filing grievances." *Hairston v. Blackburn*, 2010 U.S. Dist. LEXIS 2347, *2–3, 15 (S.D. Ill. Jan. 12, 2010) (allowing plaintiff's claim for retaliation to proceed after a § 1915A review where plaintiff alleged that defendant used force against him in retaliation for his filing of a lawsuit against another guard). Thus, where a plaintiff alleges facts that "set[] forth a chronology of events based on which retaliatory animus [can] be inferred," the plaintiff has sufficiently alleged retaliation and the plaintiff's complaint survives a motion to dismiss. *Gray v. Taylor*, 714

F. Supp. 903, 908–09 (N.D. Ill. 2010). Moreover, in a prisoner's claim for retaliation against prison officials, "'[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'" *Hairston*, 2010 U.S. Dist. LEXIS 2347 at *15 (citing *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002)). Accordingly, Count III is sufficiently pled.

**4.    Plaintiff sufficiently alleges a *Monell* claim in Count IV.**

Although Defendants repeatedly assert that Adkisson's *Monell* claim is somehow deficient for want of a constitutional injury (Motion at p. 7), a *Monell* claim does not impose a heightened pleading standard on injured plaintiffs. *Diaz*, 2010 U.S. Dist. LEXIS 20671, at *21. Indeed, as described above Adkisson has suffered from and has sufficiently alleged under the liberal notice pleading standards that Tedesco's conduct directly violated Adkisson's First and Fourteenth Amendment rights. Furthermore, in pleading a *Monell* claim "[a] plaintiff's conclusory allegations as to the existence of a policy or practice will suffice 'so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing.'" *Evans v. City of Chi.*, 2010 U.S. Dist. LEXIS 78991, *4–5 (N.D. Ill. Aug. 5, 2010). Alleging one instance of an illegal policy's application is sufficient to plead a *Monell* claim where the allegation specifies the policy at issue, *Evans*, 2010 U.S. Dist. LEXIS 78991 at *7–8; *Frieri v. City of Chi.*, 127 F. Supp. 992, 996 n.4 (N.D. Ill. 2001), and an allegation that a practice "has existed for more than twenty-five years . . . [is] therefore sufficient to show that the practice is a custom for which the City of Chicago may be liable under § 1983." *Evans*, 2010 U.S. Dist. LEXIS 78991 at *8–9. Moreover, a conclusory statement that a defendant "'regularly and arbitrarily enforced' [a policy]" is "alone sufficient to state a claim under *Monell*," *Wessel v. Vill. of Monee et al.*, 2010 U.S. Dist. LEXIS 60535, *22 (N.D. Ill. June 14,

2010), and neither specific facts nor legal theories are required to sufficiently state a claim under the standards of notice pleading. *Wiek v. City of Chi.*, 2010 U.S. Dist. LEXIS 47884, *5–6 (N.D. Ill. May 12, 2010). Any arguments as to whether such statements can be proved "are irrelevant at th[e pleading] stage because they go to the merits of [the plaintiff's] claims and not the sufficiency of the [c]omplaint," *Wessel*, 2010 U.S. Dist. LEXIS 60535 at *23, and a plaintiff is not required to provide extrinsic evidence of a policy when pleading a *Monell* claim. *Wiek*, 2010 U.S. Dist. LEXIS 47884, at *11–12.

*Twombly* and *Iqbal* do not change the pleading standard for § 1983 cases in the district courts of the Seventh Circuit, which continue to apply *Leatherman v. Tarrant County*'s "holding that plaintiffs are not held to a heightened pleading requirement nor are they required to plead specific facts to prove the existence of a municipal policy." *Sanders*, 2010 U.S. Dist. LEXIS 75998, at *5 n.1 (citing *Miller v. City of Plymouth*, 2010 U.S. Dist. LEXIS 35686, *17 (N.D. Ill. Apr. 9, 2010); *Diaz*, 2010 U.S. Dist. LEXIS 20671 at *21–22). Indeed, *Leatherman* specifically implored that summary judgment and discovery are the most appropriate mechanisms for weeding out unmeritorious claims for municipal liability under § 1983, not Rule 12(b)(6). *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993)). Moreover, "[a]lthough *Twombly* and *Iqbal* require more than boilerplate allegations, [a plaintiff] need only allege 'enough facts to state a claim to relief that is plausible on its face.'" *Diaz*, 2010 U.S. Dist. LEXIS 20671, at *22 (finding complaint against defendants sufficiently alleged a *Monell* claim, but ultimately partially dismissing on the basis that the complaint

sought damages against the state officials in their official capacities, which the court found barred by the Eleventh Amendment).

Here, there are more than just cursory or conclusory allegations that Plaintiff's rights have been violated because of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Specifically, the Complaint alleges that when correctional officers wish to illegally punish and harm detainees they will escort those detainees through a special route which does not include video cameras and that this is a regular practice. *See* Complaint at ¶¶ 13-20 (alleging that Tedesco told other officers that "I had to slap the bitch around."). Moreover, the Complaint specifically alleges that as a result of the customs and policies of the CCDC, Tedesco was allowed to assault and batter Plaintiff, causing Plaintiff's constitutional deprivations. Complaint at ¶¶ 35-40. Taken together with the assumption that the well-pleaded facts of the Complaint are true and all reasonable inferences therefrom drawn in the Plaintiff's favor, this allegation puts Defendant on sufficient notice of Plaintiff's *Monell* claim. Accordingly, Plaintiff has sufficiently plead a *Monell* claim.

**5.    Defendants' argument as to Count I is well-taken.**

Plaintiff agrees to withdraw Count I from the Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff John Adkisson respectfully requests that the Court deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

                                                                               Respectfully submitted,

                                                                               JOHN ADKISSON

                                                                               By:   /s David Curkovic
                                                                               One of his Attorneys

Jon Zimring, Esq.
David I. Curkovic, Esq.
190 S. LaSalle St.
Suite 3700
Chicago, Illinois 60603
Phone:(312) 499-6700
Fax: 312-499-6701

DM1\2413845.2

## **CERTIFICATE OF SERVICE**

    I, David Curkovic, an attorney, hereby certify that on December 2, 2010, I caused to be filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint using the CM/ECF system, and that a correct copy of the same was served electronically via the CM/ECF system on the party listed below:

>Patrick Stephen Smith
>Cook County States Attorney's Office Daley Ctr.
>500 Richard J. Daley Center
>Chicago, IL 60602
>(312) 603-2388
>Email: patrick.smith@cookcountyil.gov

>/s David Curkovic