UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 C 4660 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| SHERIFF TOM DART and JOHN TEDESCO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Adkisson brought suit pursuant to 42 U.S.C. § 1983 against Defendants Thomas Dart, Sheriff of Cook County; and John Tedesco, an officer of the Cook County Department of Corrections ("CCDC"). Plaintiff alleges that Tedesco assaulted Plaintiff while he was in the custody of the CCDC. Before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and are assumed to be true for purposes of this motion.

Adkisson is a transsexual, identifying himself as a female though he is physically male. At all times relevant to this case, Adkisson was in the custody of the CCDC as a pretrial detainee. On April 20, 2009, Adkisson was being processed in Division 9 of the CCDC. While Adkisson was being processed, Tedesco began making anti-gay slurs towards Adkisson. After the processing, Tedesco told the processing officers, "I've got this one," indicating that he would escort Adkisson to his tier. Tedesco then took Adkisson to the south elevator, which did not have a camera installed, rather than the

north elevator, which did. Once in the elevator, Tedesco said to Adkisson, "Now run your mouth." Tedesco then slapped Adkisson two or three times in the head. The slaps caused bruising and scratching. Tedesco then took Adkisson to his tier, where Tedesco told another officer, "I had to slap the bitch around."

Adkisson sought medical treatment, but his request was denied. In the days following the assault, Tedesco told Adkisson that Tedesco would make Adkisson's life "hell" if Adkisson complained about Tedesco's conduct. Tedesco had other officers open Adkisson's mail. After Adkisson went to a lieutenant to complain about Tedesco's conduct, Tedesco had other officers enter Adkisson's cell and destroy certain of Adkisson's belongings, including legal papers. Tedesco also caused other officers to make threats against Adkisson.

Adkisson brings three counts against Tedesco, both in his individual and official capacities: cruel and unusual punishment in violation of the Eighth Amendment (Count I); punishment in violation of the Fourteenth Amendment (Count II); and retaliation in violation of the First and Fourteenth Amendments (Count III). Adkisson also brings one count against Sheriff Dart in his official capacity: punishment in violation of the Eighth and Fourteenth Amendments (Count IV).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet

2

Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

**ANALYSIS**

Defendants argue that Plaintiff's Eighth Amendment claims must be dismissed because, as a pretrial detainee, Adkisson had not yet gained the protections of the Eighth Amendment. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009) (*Lewis*). Rather, an excessive force claim of a pretrial detainee is properly brought under the Due Process Clause of the Fourteenth Amendment. *Id*. at 473-74. Plaintiff concedes the argument. Count I is therefore dismissed.

Defendants next argue that Plaintiff's excessive-force claim under the Fourteenth Amendment must be dismissed because the force allegedly used by Tedesco was *de minimis*. Defendants cite a number of Seventh Circuit opinions in which the court held that injuries to prisoners, supposedly comparable to the injuries suffered by Adkisson here, were not of a sufficient magnitude to support a claim for excessive force.

Defendants' argument fails for at least two reasons. First, the cases cited by Defendants were all decided under the Eighth Amendment's ban on cruel and unusual punishment. But excessive-force claims brought under the Fourteenth Amendment are

3

evaluated under a different standard: "the Due Process Clause, which prohibits all 'punishment,' affords broader protection than the Eighth Amendment's protection against only punishment that is 'cruel and unusual.'" *Lewis*, 581 F.3d at 474. Defendants are, thus, mistaken that the two standards are interchangeable.

Second, the cases cited by Defendants were all decided on summary judgment, after the parties had had the opportunity to fully develop the factual record as to the extent of the claimed injuries. Here, Plaintiff has alleged that the blows caused bruising and scratching and that they were serious enough for Plaintiff to have sought medical attention. These allegations are sufficient to survive a motion to dismiss. Therefore, Defendants' Motion to Dismiss is denied with respect to Count II.

Defendants next argue that Plaintiff has not adequately alleged a claim for retaliation. Defendants argue that the opening of Plaintiff's mail was justified by the need to detect contraband. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (prison officials may examine mail to ensure that it does not contain contraband). Plaintiff counters that legal mail is entitled to greater protection. *See id*. at 686. However, Plaintiff's Complaint does not allege that the mail opened by Defendants was legal mail. Thus, Plaintiff's allegation with respect to his mail fails to state a claim for retaliation.

However, Plaintiff also alleges that Defendants retaliated by destroying Plaintiff's property. Defendants fail to present any convincing argument in support of their motion to dismiss this allegation of Plaintiff's retaliation claim. Defendants assert that the allegation is "little more than a flimsy tack-on" to Plaintiff's pleading. Defendants argue further that the allegation does not put Defendants on notice of Plaintiff's claims or raise

4

Plaintiff's right to relief beyond the speculative level. These arguments are not convincing. Plaintiff's allegations are clear: in retaliation for Plaintiff's complaints, Tedesco caused the destruction of Plaintiff's property, including his legal papers. Defendants offer no substantiated legal argument as to why Plaintiff could not prevail on this claim. Therefore, Defendants' motion is denied with respect to Count III.

Finally, Defendants argue that Count IV fails to sufficiently allege a *Monell* claim against Sheriff Dart. Specifically, Defendants argue that Plaintiff has not pled a nexus between his injury and a custom, practice or policy of the CCDC. "To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (*Pourghoraishi*) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff fails to meet this standard. Plaintiff's Complaint alleges "[t]he CCDC has promulgated and operated pursuant to certain customs and policies" and "[a]s a result of these customs and policies, Tedesco assaulted and battered Adkisson." Compl. ¶¶ 35, 36. These mere recitals of the elements of a *Monell* claim fail to identify the specific custom or policy at issue and fail to explain how such custom or policy caused Plaintiff's injury. Defendants' Motion to Dismiss is, therefore, granted with respect to Count IV. All claims brought against Defendant Tedesco in his official capacity are also dismissed. *See Pourghoraishi*, 449 F.3d at 765 (suits brought against officers acting in their official capacities must satisfy *Monell* standard).

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. The motion is granted with respect to Counts I and IV and denied with respect to Counts II and III. All claims against Defendant Tedesco in his official capacity are dismissed. Plaintiff is granted leave to file an amended complaint within fourteen days of this Order if he can do so consistent with the provisions of Rule 11.

Dated: 1/20/11

_____
JOHN W. DARRAH
United States District Court Judge