IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:09-cv-04660 |
| | ) | Jury Trial Requested |
| | ) | |
| | ) | |
| C/O JOHN TEDESCO, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, John Adkisson ("Adkisson"), through his attorneys Jon Zimring and

David I. Curkovic, complains against Defendant Officer John Tedesco ("Tedesco"), as

follows:

## PARTIES

1.      This action is brought pursuant to 42 U.S.C. § 1983, the First and

Fourteenth Amendments to the United States Constitution.  This action arises out of the

assault upon Adkisson on or about March 10, 2009, while he was in the custody of the

Cook County Department of Corrections ("CCDC") at Division 9 located at 2854 West

31st Street, Chicago Illinois 60608 (hereinafter "Division 9").

2.      Adkisson is a citizen of the State of Illinois and currently resides in

Chicago, Illinois.

3.      On information and belief, Tedesco is a citizen and resident of the State of

Illinois.

4.      Tedesco is sued individually as a correctional officer in the CCDC.

5.      At all times relevant to this action, Tedesco was acting under color of law, including the United States and state of Illinois Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, and usages.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

7.      Venue is appropriate under 28 U.S.C. § 1391(b) because this Court is in the judicial district in which a substantial part of the events and omissions which give rise to Adkisson's claims arose.

## FACTS

8.      Adkisson is a transsexual in that Adkisson identifies with a sex (female) different from the physical or genetic sex into which Adkisson was born (male).

9.      Division 9 contains holding units for pre-trial detainees and/or prisoners in protective custody.

10.     On or about April 20, 2009, Adkisson was being processed at Division 9.

11.     While being processed, Tedesco entered the area and began hurling inflammatory and anti-gay slurs towards Adkisson.

12.     After the processing, Tedesco told the processing officers "I've got this one," indicating he would escort Adkisson to his tier.

13.     Tedesco, along with one other officer, took Adkisson to the south elevator instead of the north elevator, as he was supposed to.

14.     Upon information and belief, at the relevant time the south elevator had no cameras while the north elevator did have cameras installed.

15.     Once in the elevator, Tedesco said "now run your mouth" to Adkisson.

16.     Tedesco then slapped Adkisson two to three times across the head.

17.     These slaps resulted in bruises and scratching.

18.     After that, the elevator opened and Tedesco took Adkisson to the tier officer, a C/O named Jordan.  Another tier officer was also present.

19.     Tedesco told both Jordan and the other tier officer that "I had to slap the bitch around" and left shortly thereafter.

20.     Adkisson sought and was denied medical treatment for his bruises and scratching.

21.     In the days after this incident Tedesco began harassing Adkisson, saying he would make Adkisson's "life hell" if he complained about Tedesco's conduct.

22.     Upon information and belief, when Adkisson went to a lieutenant to complain about Tedesco's conduct, Tedesco had other correctional officers enter Adkisson's cell and destroy certain of Adkisson's belongings (including legal papers) and make threats against Adkisson.

## COUNT I
### Punishment in Violation of the Fourteenth Amendment

23.     Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

24.     The assault upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur.  Specifically, the assault and battery upon Adkisson constituted punishment.

3

25.     The assault and battery by Tedesco upon Adkisson was not reasonably related to a legitimate and non-punitive governmental goal.

26.     Tedesco violated Adkisson's rights under the Fourteenth Amendment to the United States Constitution by punishing Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

27.     Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count I above:

- Compensatory damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

## COUNT II
### Retaliation in Violation of the First and Fourteenth Amendments

28.     Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

29.     As set forth above, retaliatory actions began almost immediately after Adkisson was assaulted and battered by Tedesco.

30.     In addition, further retaliatory actions took place after Adkisson sought to complain about Tedesco's conduct to a higher-ranked correctional officer.

31.     In these ways, Adkisson was the subject of retaliation from Tedesco.

32.     Tedesco violated Adkisson's rights under the First and Fourteenth Amendments to the United States Constitution by retaliating against Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

33.     Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

WHEREFORE, Adkisson requests that this Court grant him the following relief on Count II above:

- Compensatory damages in an amount to be determined by a jury trial;
- Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;
- Pre-judgment and post-judgment interest; and
- Such other and further relief as this Court deems just.

Respectfully submitted,

JOHN ADKISSON

By:     /s David Curkovic
One of his Attorneys

Jon Zimring, Esq.
David I. Curkovic, Esq.
190 S. LaSalle St.
Suite 3700
Chicago, Illinois  60603
Phone:(312) 499-6700
Fax: 312-499-6701

DM1\2478100.1

## <u>CERTIFICATE OF SERVICE</u>

I, David Curkovic, an attorney, hereby certify that on February 3, 2011, I caused to be filed Plaintiff's Second Amended Complaint using the CM/ECF system, and that a correct copy of the same was served electronically via the CM/ECF system on the party listed below:

> Patrick Stephen Smith
> Cook County States Attorney's Office Daley Ctr.
> 500 Richard J. Daley Center
> Chicago, IL 60602
> (312) 603-2388
> Email: patrick.smith@cookcountyil.gov

/s David Curkovic