UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ADKISSON, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 4660 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John W. Darrah |
| SHERIFF TOM DART, solely as SHERIFF | ) | |
| OF COOK COUNTY, C/O JOHN TEDESCO, | ) | |
| In his individual and official capacity as an | ) | |
| OFFICER OF COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### PARTIES

1. This action is brought pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution. This action arises out of the assault upon Adkisson on or about March 10, 2009, while he was in the custody of the Cook County Department of Corrections ("CCDOC") at Division 9 located at 2854 West 31st Street, Chicago, Illinois 60608 (herein "Division 9").

    **ANSWER: Defendants admit that Plaintiff brings this action pursuant to 42 U.S.C. §1983. Defendants do not challenge that this Honorable Court has jurisdiction over this suit. Defendants deny any further allegations contained in Paragraph 1.**

2. Adkisson is a citizen of the State of Illinois and currently resides in Chicago, Illinois.

    **ANSWER: Defendants are without knowledge or information sufficient to form a**

**belief as to the residency of the Plaintiff.**

3. On information and belief, Tedesco is a citizen and resident of the State of Illinois.

**ANSWER: Defendants admit the allegations contained in Paragraph 3.**

4. Tedesco is sued individually as a correctional officer in the CCDC.

**ANSWER: Defendants admit that Plaintiff sues Defendant Tedesco individually as a correctional officer in CCDC.**

5. At all times relevant to this action, Tedesco was acting under color of law, including the United States and state of Illinois Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, and usages.

**ANSWER: Defendants admit the allegations contained in Paragraph 5.**

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

**ANSWER: Defendants do not challenge that this Honorable Court has jurisdiction over this suit.**

7. Venue is appropriate under 28 U.S.C. § 1391(b) because this Court is in the judicial district in which a substantial part of the events and omissions which give rise to Adkisson's claims arose.

**ANSWER: Defendants deny the allegations contained in Paragraph 7 that any events occurred. Defendants do not challenge that venue is proper.**

## FACTS

8. Adkisson is a transsexual in that Adkisson identifies with a sex (female) different from the physical or genetic sex into which Adkisson was born (male).

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the sexuality of the defendant.**

9. Division 9 contains holding units for pre-trial detainees and/or prisoners in protective custody.

**ANSWER: Defendants admit the Division 9 contains holding units for pre-trial detainees, but also contains pre-trial detainees from the general population.**

10. On or about April 20, 2009, Adkisson was being processed at Division 9.

**ANSWER: Defendants admit the allegations contained in Paragraph 10.**

11. While being processed, Tedesco entered the area and began hurling inflammatory and anti-gay slurs towards Adkisson.

**ANSWER: Defendants deny the allegations contained in Paragraph 11.**

3

12. After the processing, Tedesco told the processing officer 'I've got this one," indicating he would escort Adkisson to his tier.

**ANSWER: Defendants deny the allegations contained in Paragraph 12.**

13. Tedesco, along with one other officer, took Adkisson to the south elevator instead of the north elevator, as he was supposed to.

**ANSWER: Defendants deny the allegations contained in Paragraph 13.**

14. Upon information and belief, at the relevant time the south elevator had no cameras while the north elevator did have cameras installed.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief sufficient as to the truth of the allegations contained in Paragraph 14.**

15. Once in the elevator, Tedesco said "now run your mouth" to Adkisson.

**ANSWER: Defendants deny the allegations contained in Paragraph 15.**

16. Tedesco then slapped Adkisson two or three times across the head.

**ANSWER: Defendants deny the allegations contained in Paragraph 16.**

17. These slaps resulted in bruises and scratching.

**ANSWER: Defendants deny the allegations contained in Paragraph 17.**

4

18. After that, the elevator opened and Tedesco took Adkisson to the tier officer, a C/O named Jordan. Another tier officer was also present.

**ANSWER: Defendants deny the allegations contained in Paragraph 18 as they relate to events referenced by the word "that." Defendants are without knowledge or information sufficient to form a belief sufficient as to the truth of the remaining allegations contained in Paragraph 18.**

19. Tedesco told both Jordan and the other tier officer that "I had to slap the bitch around" and left shortly thereafter.

**ANSWER: Defendants deny the allegations contained in Paragraph 19.**

20. Adkisson sought and was denied medical treatment for his bruises and scratching.

**ANSWER: Defendants deny the allegations contained in Paragraph 20.**

21. In the days after this incident Tedesco began harassing Adkisson, saying he would make Adkisson's "life hell" if he complained about Tedesco's conduct.

**ANSWER: Defendants deny the allegations contained in Paragraph 21.**

22. Upon information and belief, when Adkisson went to a lieutenant to complain about Tedesco's conduct, Tedesco had other correctional officers enter Adkisson's cell and destroy certain of Adkisson's belongings (including legal papers) and make threats against Adkisson.

5

**ANSWER: Defendants deny the allegations contained in Paragraph 22.**

## COUNT I

### Punishment in Violation of the Fourteenth Amendment

23.   Paragraph 1 through 22 are incorporated by reference as if set forth fully herein.

**ANSWER: Defendants incorporate by reference each of its responses as stated above as though fully set forth herein.**

24.   The assault upon Adkisson was calculated neither to end a disturbance nor to restore order, but instead was inflicted maliciously and sadistically for the sole purpose of causing harm to Adkisson and with a knowing willingness and deliberate indifference that harm would occur. Specifically, the assault and battery upon Adkisson constituted punishment.

**ANSWER: Defendants deny the allegations contained in Paragraph 24.**

25.   The assault and battery by Tedesco upon Adkisson was not reasonably related to a legitimate and non-punitive governmental goal.

**ANSWER: Defendants deny the allegations contained in Paragraph 25.**

26.   Tedesco violated Adkisson's rights under the Fourteenth Amendment to the United States Constitution by punishing Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

**ANSWER: Defendants deny the allegations contained in Paragraph 26.**

27. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq.*

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

## COUNT II

**Retaliation in Violation of the First and Fourteenth Amendments**

28. Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

**ANSWER: Defendants incorporate by reference each of its responses as stated above as though fully set forth herein.**

29. As set forth above, retaliatory actions began almost immediately after Adkisson was assaulted and battered by Tedesco.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. In addition, further retaliatory actions took place after Adkisson sought to complain about Tedesco's conduct to a higher-ranked correctional officer.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

31. In these ways, Adkisson was the subject of retaliation from Tedesco.

**ANSWER: Defendants deny the allegations contained in Paragraph 31.**

7

32. Tedesco violated Adkisson's rights under the First and Fourteenth Amendments to the United States Constitution by retaliating against Adkisson, thereby denying and depriving Adkisson of his liberty and property without due process of law.

**ANSWER: Defendants deny the allegations contained in Paragraph 32.**

33. Therefore, Adkisson is entitled to relief under 42 U.S.C. § 1983, *et seq*.

**ANSWER: Defendants deny the allegations contained in Paragraph 33.**

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, Sheriff Thomas Dart, Officer John Tedesco, and Cook County, through their attorney ANITA ALVAREZ, State's Attorney of cook County, by her assistant, Patrick Smith, stating the following Affirmative Defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendants are entitled to the defense of Qualified Immunity.

2. The Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Massey v. Helman 196 F.3d 727 (7th Cir. 1999).

3. Any alleged injuries sustained by Plaintiff were the result of Plaintiff's own actions or inactions.

**JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of their Complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:  /s/ Patrick S. Smith
Patrick S. Smith
Assistant State's Attorney
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1422